IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

XYZ GROUP.

        Plaintiffs,

v.

Doe 1 - 101

        Defendants.

Civil Action No. **25-722**

## COMPLAINT

Plaintiffs, ███████ ███████ ███████ and ███████ ███ (collectively, "███████ "Plaintiffs"), jointly hereby file this Complaint for, *inter alia,* trademark infringement, counterfeiting, and related claims against Defendants, on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of others:

## PARTIES

1. ███████ ███████ ███████ ("███████ is a Limited Liability Company with its principal place of business located at ███████ ███████████████████████████████████

2. ███████. (███████ is a publicly listed company in ███ ███████) with its principal place of business located at ███████ ███████████████████████████

3. Defendants identified in Exhibit "A" are all believed to be individuals and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. The true names, identities, and addresses of Defendants are currently unknown.

1

4. Defendants conduct their illegal operations through fully interactive commercial websites hosted on https://us.shein.com/ ("Shein"). Through Shein, Defendants target consumers in the United States and have offered to sell and have sold and continue to sell counterfeit products that violate Plaintiffs' trademark rights ("Counterfeit Products") to consumers within the United States, including the State of Texas and Eastern District of Texas. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5. Through their operation on Shein, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Counterfeit Products as alleged, often times as partners, co-conspirators, and/or suppliers.

6. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products. Defendants conceal their identities and the full scope of their counterfeiting operations to prevent Plaintiffs from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations. The identities of these Defendants are presently unknown. If their identities become known, Plaintiffs will promptly amend this Complaint to identify them.

**JURISDICTION AND VENUE**

7. This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation of origin arising under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. § 1051 et seq., including in particular 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a), and for trademark infringement under Texas Business and Commerce Code §§ 16.102.

8. This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1116, 1121, and 1125(a), as well as 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b);

9. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for trademark infringement under Texas Business and Commerce Code §§ 16.102.

10. This Court has personal jurisdiction over Defendants in that they transact business in the State of Texas and in the Eastern District of Texas.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because Defendants are entities or individuals subject to personal jurisdiction in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants directly target business activities towards consumers in the State of Texas.

## PLAINTIFFS AND THEIR TRADEMARKS AND PRODUCTS

12. ▆▆▆ Network is a wholly owned subsidiary of ▆▆▆ Times, a public company known for selling high-quality consumer goods, mostly apparel products, through e-commerce platforms to global consumers.

13. ▆▆▆ business model integrates product development and design, branding, and supply chain with its digitization capabilities and has established a multi-brand trademark portfolio worldwide for fashion styles.

14. Key brands of ▆▆▆ subject to this trademark infringement action are: ▆▆▆ ▆▆▆ (collectively, "▆▆▆ Marks").

15. ▆▆▆ ▆▆▆ is the sole and exclusive owner of all right, title, and interest in and to the federally registered trademarks ▆▆▆.

3

16. ▓▓▓▓ is the sole and exclusive owner of all right, title, and interest in and to the federally registered trademark ▓▓▓▓

17. Each ▓▓▓ Mark is registered in class 25, which covers *inter alia*, apparel, intimate wear, and children's clothing, and is associated with substantial and valuable goodwill. A comprehensive chart summarizing the pertinent trademark registration details is attached hereto as Exhibit B and incorporated herein by reference.

18. The ▓▓▓ Marks are valid, subsisting, unrevoked, and uncancelled registrations on the Principal Register of the United States Patent and Trademark Office ("USPTO"). Pursuant to 15 U.S.C. § 1057(b), these registrations constitute prima facie evidence of their validity and Plaintiffs' exclusive right to use the ▓▓▓ Marks in commerce.

19. Plaintiffs are engaged in the business of designing, manufacturing, marketing, and selling fashion and lifestyle products (collectively, "Plaintiffs' Products") throughout the world, including within the Eastern District of Texas, under the ▓▓▓ Marks.

20. Plaintiffs have continuously and extensively used the ▓▓▓ Marks in and affecting U.S. interstate and international commerce for over a decade, in connection with Plaintiffs' Products.

21. Through Plaintiffs' substantial and sustained investments in marketing, brand development, and customer engagement, the ▓▓▓ Marks have become universally associated with Plaintiffs' Products and services and have solidified their esteemed position as prominent symbols of consistent quality and distinctive style within their industries.

22. ▓▓▓ Marks have received widespread recognition and accumulated commercial strength, including but not limited to, ▓▓▓▓▓▓▓▓▓▓▓ appearances at New York Fashion Week (2024), ▓▓▓▓▓ participation in Milan and Paris Fashion Weeks (2025), ▓▓▓▓▓'s receipt of national parenting product awards, and ▓▓▓▓ long-standing

4

market presence of over 11 years with a global customer base exceeding 20 million. As a result of ███ continuous efforts to promote brand awareness for ███ Marks, ███ Marks have developed strong goodwill and reputation among general consumers as well as professionals in the fashion industry.

23. Plaintiffs maintain high quality control standards for all of their Products. Genuine products bearing ███ Marks are distributed and sold exclusively through Plaintiffs' authorized distributors, legitimate retailers, and Plaintiffs' official websites. Plaintiffs also implement consistent policies to ensure that satisfying post-sale customer service is provided on their official websites and authorized retail channels.

24. The ███ Marks are a symbol of Plaintiffs' quality, reputation, and goodwill and have never been abandoned.

**JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER**

25. Defendants are the individuals, partnerships, and unincorporated associations set forth on Exhibit "A" hereto.

26. Defendants are promoting, selling, offering for sale, and distributing counterfeits bearing ███ Marks within this district.

27. Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

28. Plaintiffs' claims against the multiple defendants listed in Exhibit "A" are all transactionally related.

5

29. Plaintiffs are claiming trademark infringement and false designation of origin against Defendants of Plaintiffs' intellectual property rights.

30. The actions of all Defendants cause indivisible harm to Plaintiffs by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

31. All Defendants' actions are logically related. All Defendants, operating on Shein, are engaging in the same systematic approach of establishing online storefronts to distribute illegal products from the same or similar sources while maintaining financial accounts on Shein anonymously so that Defendants can easily conceal to avoid any real liability for their actions.

32. The natural and intended consequence of Defendants' logically related actions is the erosion and destruction of the goodwill associated with ▒▒▒▒ Marks and the destruction of the legitimate market sector in which ▒▒▒▒ operates.

33. Upon information and belief, all Defendants are located in foreign jurisdictions, mostly China. All Defendants undertake efforts to conceal their true identities from Plaintiffs in order to avoid detection for their illegal counterfeiting activities.

34. Upon information and belief, all Defendants have the same or closely related sources for their infringing products, with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

35. All Defendants take advantage of a set of circumstances, the anonymity and mass reach the internet affords, to sell infringing goods across international borders and violate Plaintiffs' trademark rights with impunity.

36. Defendants are using ▒▒▒▒ Marks to drive Internet consumer traffic to their Shein stores, and the ability to profit of each Defendant increases as the number of counterfeit seller using ▒▒▒▒ Marks increases.

37. Joinder of the multiple defendants listed in Exhibit "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiffs, Defendants, and this Court.

38. Joinder of the multiple defendants listed in Exhibit "A" attached hereto will not create any unnecessary delay, nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiffs and Defendants alike.

39. Joinder of the multiple defendants listed in Exhibit "A" is procedural only and does not affect the substantive rights of any defendant listed on Exhibit "A" hereto.

40. Defendants have actual or constructive knowledge of ▬▬▬ Marks, which have been federally registered and actively promoted by ▬▬▬ as well as Palintiff's exclusive right to use or license ▬▬▬ Marks.

## DEFENDANTS' INFRINGING ACTIVITIES

41. None of the ▬▬▬ Marks have ever been assigned or licensed to any of the Defendants in this matter.

42. Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Plaintiffs' ownership and exclusive rights in and to the Plaintiffs' Marks, including the substantial goodwill associated therewith.

43. Plaintiffs have recently discovered that Defendants are using identical or confusingly similar imitations of the Plaintiffs' Marks in connection with the marketing, offering for sale, and sale of counterfeit goods via Shein.

44. Their Shein Stores are deliberately designed to mislead consumers by mimicking the appearance of authorized online retailers, thereby creating a false impression of affiliation with or endorsement by Plaintiffs.

45. Defendants' use of the Plaintiffs' Marks in commerce, in connection with the advertising, distribution, and sale of counterfeit goods, is likely to cause confusion, mistake, or deception among consumers as to the origin, sponsorship, or approval of those goods, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46. Without Plaintiffs' authorization or consent, Defendants have knowingly and willfully manufactured, imported, distributed, advertised, offered for sale, and sold goods bearing unauthorized reproductions or imitations of the Plaintiffs' Marks, including to consumers in the United States and the State of Texas.

47. The Counterfeit Products are not genuine goods manufactured with authority or license from Plaintiffs, but they use ▮▮▮ Marks on products and on product description to identify source of goods.

48. To increase web traffic and mislead search engine algorithms, Defendants have unlawfully embedded the Plaintiffs' Marks in the content and metadata of product listings on the Infringing Webstores.

49. Defendants have undertaken extensive efforts to conceal their true identities, utilizing multiple fictitious names, false addresses, and various digital storefronts to facilitate the infringing activity identified herein and to evade enforcement efforts.

50. Defendants' infringing acts are causing and will continue to cause irreparable harm to Plaintiffs' brand reputation, consumer goodwill, and market share, for which there is no adequate remedy at law.

51. Upon information and belief, unless enjoined by this Court, Defendants will continue their infringing activities, including the registration and operation of new webstores and listings

designed to sell counterfeit products bearing unauthorized reproductions of the Plaintiffs' Marks.

52. Plaintiffs have no adequate remedy at law.

### COUNT ONE - TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §1114)

53. Plaintiffs repeat and reallege the foregoing allegations above as if fully set forth herein.

54. Plaintiffs' Marks and the goodwill of the business associated with them in the United States and throughout the world are of great and incalculable value. The Marks are highly distinctive and have become universally associated in the public mind with Plaintiffs' Products and related services. Consumers associate the Plaintiffs' Marks with Plaintiffs as the source of the very highest quality products.

55. Without Plaintiffs' authorization or consent, and having knowledge of the Plaintiffs' well-known and prior rights in the Plaintiffs' Marks and the fact that Defendants' Counterfeit Products are sold using marks which are identical or confusingly similar to the Plaintiffs' Marks, the Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiffs' sale of genuine products, in or affecting interstate commerce.

56. Defendants' use of copies or approximations of the Plaintiffs' Marks in conjunction with Defendant's Counterfeit Products has caused and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiffs, all to the damage and detriment of the Plaintiffs' reputation, goodwill and sales.

57. Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

### COUNT TWO – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

58. Plaintiffs repeat and reallege the foregoing allegations above as if fully set forth herein.

59. Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiffs' products sold and offered for sale by Plaintiffs and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

60. By misappropriating and using the ▮▮▮▮ Marks, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

61. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiffs, all to Defendants' profit and to the Plaintiffs' great damage and injury.

62. Pursuant to 15 U.S.C. § 1125(a), Defendants' use of the Plaintiffs' Marks, genuine product images, and trade names in connection with their goods and services in interstate commerce constitutes a false designation of origin and unfair competition.

63. Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

### COUNT THREE – TEXAS BUSINESS AND COMMERCE CODE (Sec. 16.102)

64. Plaintiffs repeat and reallege the foregoing allegations above as if fully set forth herein.

65. Plaintiffs own valid and enforceable trademarks that are registered in the State of Texas and/or with the USPTO. The marks are distinctive and are widely recognized as designating the source of Plaintiffs' goods/services in the State of Texas.

66. Defendants, without Plaintiffs' consent, used a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' registered mark in connection with the advertising, offering for sale, and/or sale of goods or services in Texas. Defendants' unauthorized use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs, in violation of Tex. Bus. & Com. § 16.102.

67. Defendants further reproduced, counterfeited, copied, or colorably imitated Plaintiffs' mark and applied such imitation to labels, advertisements, and/or packaging intended for use in the sale or distribution of goods or services within Texas.

68. Upon information and belief, Defendants' infringements were intentional and in bad faith, and with actual knowledge of Plaintiffs' rights in the marks, entitling Plaintiffs to enhanced damages and attorney's fees under Tex. Bus. & Com. § 16.102(d).

69. Plaintiffs are entitled to recover its reasonable attorney's fees and costs incurred in bringing this action, pursuant to § 16.102(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants in favor of Plaintiffs on all counts as follows:

A. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(i) using the ▮▮▮▮ Marks, or any reproduction, counterfeit, copy, or colorable imitation thereof, in connection with the distribution, advertising, offer for sale, or sale of any merchandise or products not manufactured by or for Plaintiffs, or not authorized by Plaintiffs to be sold or offered for sale;

(ii) passing off, inducing, or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by the Plaintiffs, or committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

(iii) operating, hosting, linking to, transferring, selling, exercising control over, owning, or otherwise managing any Infringing Webstores, listings, domain names (including by registering additional ones), or any other online or physical means used to sell or facilitate the sale of Counterfeit Products bearing the Plaintiffs' Marks or any reproduction, counterfeit copy, or colorable imitation thereof; and

(iv) otherwise infringing the Plaintiffs' Marks, damaging Plaintiffs' goodwill, or competing unfairly with Plaintiffs in any manner.

B. Entry of an order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any internet search engines, webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Counterfeit Products using the Plaintiffs' mark;

C. Entry of an order that, upon Plaintiffs' request, all third-party financial institutions, payment processors, and e-commerce platforms that are provided with notice of the injunction, and within five (5) business days of receipt of the corresponding order:

   (i) Take all steps to prevent any Defendant from accessing or withdrawing funds from any accounts through which Defendants, in the past, currently, or in the future, engage in the use of the Plaintiffs' Marks and advertisement and sale of the Counterfeit Products; and,

   (ii) Take all necessary steps to prevent any Defendant from accessing or withdrawing funds from any accounts linked to Defendants, linked to any email addresses used by Defendants, or linked to any of the Infringing Webstores.

D. That Defendants account for and pay over to Plaintiffs any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Marks be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117(a) and (b);

E. In the alternative, that Plaintiffs be awarded maximum statutory damages against each Defendant in the amount of Two Hundred Thousand Dollars (U.S.) ($200,000.00) per counterfeit mark per type of goods sold, offered for sale, or distributed, as this Court considers just pursuant to 15 U.S.C. § 1117(c)(1).

F. That Plaintiffs be awarded their reasonable attorneys' fees and costs jointly and severally against Defendants, and that this be declared an exceptional case entitling Plaintiffs to recover their attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b); and,

G. Grant Plaintiffs such other and further legal relief as may be just and proper.

Dated: July 3, 2025

Respectfully submitted,
By:/s/ *Shaoyi Che*
Shaoyi Che
(che@yzlaw.com)
Zhongyi Huang
(huang@yzlaw.com)
Tianqin Zhao
(zhao@yzlaw.com) (*pro hac vice* pending)

YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382

# CERTIFICATE

I, ▮▮▮▮▮, the General Counsel of ▮▮▮▮▮▮▮▮▮▮ hereby confirm that the foregoing factual allegations are an accurate reflection of my statements provided to my attorneys.

Signature: