**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SHENZHEN SAILVAN NETWORK TECHNOLOGY CO., LTD., et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:25-cv-722-JDK |
| DOES 1–101, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiffs' motion for default judgment. Docket No. 32. In this trademark case, Plaintiffs allege trademark infringement and false designation of origin against more than 100 defendants identified on Exhibit A of the complaint. Docket No. 4 ¶¶ 53–69. Some of those defendants appeared through counsel and have agreed to a final consent judgment and permanent injunction the Court enters this same day. Docket Nos. 33, 34. Other defendants have been dismissed, pursuant to a settlement or otherwise. *E.g.,* Docket Nos. 36; 37. Thus, there remain only the following defendants in this action:

| Doe No. | Store Name | Entity Name |
|---|---|---|
| 1 | HYPERAZELO | HYPERAZELO INC |
| 17 | 0W8EQ4W | URGCHURCHRESS LLC |
| 24 | yczwexr12 | CONECERNED LLC |
| 30 | 214sea | POTAMAST LLC |

1

| 37 | VORTEXION | NOYOLA SKYBRIDGE SOFTWARE LLC |
|----|-----------|-------------------------------|
| 43 | StreleckiGr | ViewCommerce LLC |
| 51 | adgasjdgasfh | XUHAOLIMR INC |
| 55 | SEDECOR | SEDECOR INC |
| 62 | chenjindi | GuM E-Commerce LLC |
| 68 | AGORISE | AGORISE INC |
| 73 | SJFDIEX | SURF SPRAY ACRYLIC DECKING & COATINGS LLC |
| 76 | Aerovista | SUMMIT IT SOLUTIONS LLC |
| 86 | HYPERSPHERE | FILLION FUSIONPOINT SOLUTIONS LLC |
| 88 | SWANKYTHREAD TRADING | SWANKYTHREAD TRADING LIMITED |
| 89 | WEIJUN Z | LTDKJWY INC |
| 91 | LIJIEE | LIJIEE LLC |
| 94 | BIAO YUAN12 | YBXKLY LLC |
| 95 | MIMIST | MIMIST INC |
| 96 | SUNSOFT | SANDERS SOFTWARE SOLUTIONS LLC |
| 98 | XuRuiShop | 莆田市荔城徐锐挥商贸有限公司 |

None of these remaining defendants (herein, "the Defendants") has answered or otherwise appeared in the time allowed under Federal Rule of Civil Procedure 12(a), and the Clerk has entered a default. Docket No. 31. While Plaintiffs originally moved for default judgment against all defendants in this action, many of those

2

defendants appeared through counsel and are now parties to the consent judgment and permanent injunction.  Docket Nos. 33, 34.  In response to the Court's January 6, 2026 order (Docket No. 35), Plaintiffs have represented to the Court that they now seek default judgment *only* as to the Defendants listed above.  *See* Docket No. 38.

For the reasons explained below, the Court **GRANTS** Plaintiffs' motion for default judgment.

## I.

As recounted in the Court's opinion granting a preliminary injunction (Docket No. 28), Plaintiffs Shenzhen Sailvan Network Technology Co., Ltd., and Sailvan Times Co., Ltd., are in the clothing, accessories, sports apparel, and home furnishing business and hold several federally registered trademarks for multiple brands. Docket No. 4 ¶¶ 15–17.  Plaintiffs' trademarks at issue are ARSHINER, AVIDLOVE, COOFANDY, EKOUAER and ZEAGOO (herein, "Sailvan Marks").  *Id.* ¶¶ 15–16.

Plaintiffs have identified specific instances in which products bearing Sailvan Marks were listed on Shein storefronts operated by the Defendants.  Docket No. 8-2 ¶ 21.  Plaintiffs assert that these product listings involved imitation goods offered for sale and sold to United States consumers, *id.* ¶ 25; while Plaintiffs believe that Defendants operate in foreign jurisdictions, primarily China, Docket No. 4 ¶ 33, Defendants sell their products to consumers in the Eastern District of Texas, Docket No. 8-2 ¶ 4.

Plaintiffs filed this suit on July 7, 2025, claiming trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114, unfair competition and false

designation of origin in violation of 15 U.S.C. § 1125(a), and trademark infringement in violation of Texas Business and Commerce Code § 16.102.  Docket No. 4.  The Court granted Plaintiffs' motion for a temporary restraining order ("TRO").  Docket No. 14. Plaintiffs further showed that Defendants were served by email with: the complaint, summons, Order granting the TRO and extension of TRO, Plaintiffs' motion for preliminary injunction, and notice that the Court scheduled an in-person hearing on that motion on August 28, 2025.  Docket No. 23-3.  None of the remaining Defendants has answered or appeared.

On September 24, Plaintiffs requested that the Clerk enter a default against all defendants then remaining in the case, which the Clerk did on September 25, pursuant to Federal Rule of Civil Procedure 55(a).  Docket No. 31.  Plaintiffs now seek default judgment under Rule 55(b)(2).  Docket No. 32.

## II.

## A.

**Jurisdiction.**  When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted).  Because Plaintiffs assert claims under federal trademark law (Docket No. 4 ¶¶ 53 – 63 (Counts I–II)), they invoke the Court's original federal question jurisdiction.  28 U.S.C. § 1331. As to the state law claim (Docket No. 4 at 10 (Count III)), the Court exercises supplemental jurisdiction over that claim because it "form[s] part of the same case or

4

controversy" as Plaintiffs' federal claims.  28 U.S.C. § 1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The Court also has personal jurisdiction over the Defendants.  Federal courts may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  In Texas, the long-arm statute authorizes exercise of jurisdiction over a nonresident to the full extent compatible with federal due process mandates.  *Id.*  Personal jurisdiction is proper if two requirements are met:

> First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with that forum state.  Second, the exercise of jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice.

*Felch v. Transportes Lar-Mex SA de CV*, 92 F.3d 320, 323 (5th Cir. 1996) (cleaned up).

On the record before the Court, the Court finds that Plaintiffs have alleged facts sufficient to show that the Defendants purposely availed themselves of the privilege of conducting business in Texas, and Plaintiffs' claims arise out of or relate to those contacts.  The Defendants operated interactive online storefronts on the SHEIN platform that offered infringing goods for sale to U.S. consumers, including consumers in this District, using U.S. shipping and payment options.  Docket No. 8 ¶¶ 22–28.  And Defendants have in fact sold their products to consumers in this District.  Docket No. 8-2 ¶ 4.  The Court further finds that exercising personal jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice.

Accordingly, the Court has jurisdiction over the Defendants.

**B.**

**Default.** The Court next considers whether a default judgment is procedurally warranted.

The Fifth Circuit has adopted a three-step process to obtain a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Second, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise." *Id.*; *N.Y. Life*, 84 F.3d at 141. And third, a party may apply to the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *N.Y. Life*, 84 F.3d at 141.

Here, the Clerk entered default on September 25, 2025. Docket No. 31. The Court must now determine whether default judgment is proper. *N.Y. Life*, 84 F.3d at 141. "[T]he entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). As the Fifth Circuit has explained, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted). Thus, even if a defendant is "technically in default," "[a] party is not entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). When deciding whether to enter a default judgment, the Court considers the following factors:

6

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court must also assess the merits of the claims and determine whether the plaintiff has stated a proper claim for relief. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Applying the six factors identified above, the Court finds that a default judgment against the Defendants is appropriate.

*First*, no material facts are in dispute. The Defendants never answered or otherwise responded to Plaintiffs' complaint.

*Second*, the Defendants have prejudiced Plaintiffs by failing to appear or respond to the complaint or Plaintiffs' motion for default judgment.

*Third*, Plaintiffs clearly establish the grounds for default. As discussed above, Plaintiffs provided proof of service, and the remaining Defendants have not appeared, answered, or otherwise responded to the complaint. At Plaintiffs' request, the Clerk entered a default.

*Fourth*, no evidence establishes that a good faith mistake or excusable neglect caused the Defendants' default. *See Prive Corp.*, 161 F.3d at 893.

*Fifth*, default judgment would not be too harsh.  The Defendants have had ample time to answer or otherwise respond to the complaint and failed to do so.

*Sixth*, the Court cannot find a reason to set aside the default judgment if the Defendants moved to do so.  Plaintiffs have clearly established the grounds for default, and the Defendants did not cause default by a good faith mistake or excusable neglect.  *See id.*

All factors support entering default judgment.  Accordingly, default judgment is appropriate in this case.  *See, e.g., id.*

## C.

**Statement of Proper Claim for Relief.**  The Court also finds that Plaintiffs' complaint sufficiently sets forth facts showing that Plaintiffs are entitled to relief.

### 1.  Trademark Infringement

Section 32 of the Lanham Act makes liable any person who uses in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods in a manner likely to cause confusion, without the registrant's consent.  15 U.S.C. § 1114(1).  Plaintiffs must demonstrate (1) ownership of a valid, protectable mark, (2) unauthorized use in commerce by Defendants, and (3) a likelihood of confusion. *See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008); *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 451–53 (5th Cir. 2017).

The Court finds that Plaintiffs have adequately alleged their claim for trademark infringement.  Plaintiffs submitted evidence that their trademarks are

currently and properly registered with the PTO. Docket No. 4-2. Plaintiffs' trademarks are therefore legally protectable. *See Nola Spice Designs, LLC v. Haydel Enters. Inc.*, 783 F.3d 527, 537 (5th Cir. 2015). Plaintiffs have shown that the Defendants' use of their trademarks creates "a likelihood of confusion as to source, affiliation, or sponsorship." *Streamline Prod. Sys.*, 851 F.3d at 450. And as discussed in the Court's opinion and order granting preliminary injunction, nearly all of the "likelihood of confusion" factors are met here. *See Springboards to Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 812 (5th Cir. 2019) (discussing the factors); Docket No. 28 at 8 (same).

> Texas Business and Commerce Code sections 16.102(a)(1)–(2) state:
>
> (a) Subject to Section 16.107, a person commits an infringement if the person:
>
> (1) without the registrant's consent, uses anywhere in this state a reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter in connection with selling, distributing, offering for sale, or advertising goods or services when the use is likely to deceive or cause confusion or mistake as to the source or origin of the goods or services; or
>
> (2) reproduces, counterfeits, copies, or colorably imitates a mark registered under this chapter and applies the reproduction, counterfeit, copy, or colorable imitation to a label, sign, print, package, wrapper, receptacle, or advertisement intended to be used in selling or distributing, or in connection with the sale or distribution of, goods or services in this state.

For the same reasons discussed above, Plaintiffs have demonstrated that the Defendants have violated Texas law.

Accordingly, the Court finds Plaintiffs have stated a proper claim for relief from the Defendants trademark infringement under 15 U.S.C. § 1114(1) and Texas Business and Commerce Code section 16.102(a).

## 2. False Designation of Origin

There are five elements in a false designation of origin claim under 15 U.S.C. § 1125(a): (1) the defendant has made false or misleading statements as to his own product or another's; (2) there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the advertised goods travelled in interstate commerce; and (5) there is likelihood of injury to the plaintiff in terms of declining sales, loss of goodwill, etc. *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1381 (5th Cir. 1996).

Plaintiffs have adequately alleged their claim for false designation of origin. Defendants here are using Plaintiffs' trademarks to sell clothing and other items that are identical or nearly identical to Plaintiffs' products. Docket No. 9-1–9-101. "[A] reasonable inference of actual confusion exists given that Defendants are selling identical or nearly identical products." *Mighty Mug, Inc. v. 28ceramics*, 2022 WL 22870172, at *3 (W.D. Tex. Mar. 8, 2022). Plaintiffs have also submitted proof that the advertised goods travelled in interstate commerce. The Defendants operated interactive online storefronts that offered infringing goods for sale to U.S. consumers, including consumers in the Eastern District of Texas. Docket No. 8 ¶¶ 22–28. And finally, the Court has already found a likelihood of injury to the Plaintiffs caused by Defendants' conduct. Docket No. 14 at 10–11.

Accordingly, the Court finds that Plaintiffs have adequately stated their claim for false designation of origin under 15 U.S.C. § 1125(a).

**D.**

**Damages.**  A hearing on damages is unnecessary if the Court finds it can rely on "detailed affidavits and other documentary evidence to determine whether to grant a default judgment," *PAAKline, LLC v. Individuals, P'ships., & Uninc. Ass'ns. Identified on Schedule "A"*, No. 22-CV-1082-DII, 2023 WL 7018276, at *2 (W.D. Tex. Oct. 24, 2023), *report and recommendation adopted sub nom. PAAKline, LLC v. Individuals, P'ships., & Uninc. Ass'ns. Identified on Schedule "A"*, No. 1:22-CV-1082-DII, 2023 WL 7649451 (W.D. Tex. Nov. 14, 2023) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).  Where "the amount claimed is a liquidated sum or one capable of mathematical calculation[,]" an evidentiary hearing is not required.  *James*, 6 F.3d at 310.

Here, the Court finds that a hearing is unnecessary.  Plaintiffs have elected to recover statutory damages instead of actual damages.  Docket No. 32 at 15.  Under 15 U.S.C. § 1117(c), the Court may award "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods" or "if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of good[]."  Plaintiffs assert that they should recover $200,000 from each of the Defendants here.

But as Plaintiffs admit, very little discovery has occurred and, as a result, there is very little evidence of the Defendants' sales.  Docket No. 32 at 17.  In setting statutory damages amounts, courts are to consider, among other things, "(1) expenses saved and profits reaped; [and] (2) revenues lost by plaintiff."  *Viahart, LLC v. Does*

*1-54*, No. 6:18-CV-604-RWS-KNM, 2021 WL 777083, at *6 (E.D. Tex. Jan. 29, 2021), *report and recommendation adopted*, No. 6:18-CV-604-RWS-KNM, 2021 WL 765216 (E.D. Tex. Feb. 26, 2021), *aff'd sub nom. Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022).  Having considered these factors, the Court finds that an award of $20,000 per Defendant is an appropriate amount supported by the evidence in this particular case.  *See PAAKline, LLC*, 2023 WL 7649451 at *1 (awarding statutory damages under the Lanham Act in the amount of $20,000 per violation); *see also BVE Brands, LLC v. Yiwu Dingyi E- Commerce Co.*, 2023 WL 5116551 (W.D. Tex. Aug. 9, 2023) (awarding $20,000 per defendant for online storefront violations).

### E.

**Permanent Injunction.**   Plaintiffs ask the Court to enter a permanent injunction.  Docket No. 32 at 18.  Section 34(a) of the Lanham Act permits a court to "grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent" trademark infringement or false designation of origin. 15 U.S.C. § 1116(a).  "A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation." *Id.*

In considering a permanent injunction, courts apply a four-factor test; plaintiffs must demonstrate (1) irreparable injury; (2) inadequacy of monetary remedies; (3) balance of hardships; and (4) the public interest.  *See eBay Inc. v.*

12

*MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 313 (5th Cir. 2008).

The Court finds that these factors weigh in favor of a permanent injunction. First, Plaintiffs are entitled to a presumption of irreparable injury as to their trademark claim because they have shown a violation of the Lanham Act. 15 U.S.C. § 1116(a). Second, monetary damages would not adequately address the "loss of control over the Sailvan Marks, damage to goodwill, and consumer confusion, which are difficult to quantify and prevent after the fact." Docket No. 32 at 19. Third, the Court finds that the harm from enjoining the Defendants would not outweigh Plaintiffs' injuries, and an equitable remedy is warranted. Docket No. 28 at 11. Fourth, the Court finds that a permanent injunction would serve the public interest. Enforcing trademark law serves the public interest. *See Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co., Ltd.*, 80 F.4th 536, 543 (5th Cir. 2023) ("[T]he public . . . has an interest in the effective enforcement of our trademark laws.")

The Court therefore enjoins the remaining Defendants from infringing the Sailvan marks on the terms laid out below.

### F.

**Attorneys' Fees.** Plaintiffs also ask the Court to award costs and attorneys' fees. Docket No. 32 at 20. A successful plaintiff is entitled to costs under the Lanham Act. Lanham Act Section 35(a), 15 U.S.C. § 1117(a). Section 35(a) also permits a court to award attorneys' fees for claims brought under Section 43(a) in "exceptional cases[.]"

13

Defendants have not objected. Accordingly, Plaintiffs shall recover attorneys' fees and costs. The amount of reasonable attorneys' fees and costs will be determined in a subsequent order after Plaintiffs have provided evidence, within **fourteen days** of the date of issuance of this order, of the number of hours worked on the case, the specific tasks performed, and the hourly rate of all attorneys who did work on the case.

**III.**

As explained above, Plaintiffs are entitled to default judgment against the Defendants identified herein. Accordingly, the Court **GRANTS** Plaintiffs' motion (Docket No. 32) as to the Defendants identified in this order.

Plaintiffs are entitled to statutory damages in the amount of $400,000. To secure payment of these damages, Plaintiffs ask the Court to continue the asset restraint order entered as part of the preliminary injunction until such time as the money judgments against each Defendant are satisfied. Docket No. 32 at 20–21. This request is **GRANTED**.

Plaintiffs are further entitled to permanent injunctive relief against Defendants, their officers, agents, and all persons in active concert or participation with them, who are hereby permanently enjoined from:

1. using the Sailvan Marks or any trademark, service mark, logo, or trade name that is confusingly similar to the Sailvan Marks;
2. manufacturing, advertising, offering for sale, or selling any Infringing Products (as defined in Motion);
3. otherwise infringing the Sailvan Marks or using any similar designation, alone or in combination with any other components;
4. passing off any products or services as those of Sailvan or its authorized

14

distributors.

5.  causing a likelihood of confusion or misunderstanding as to the source or sponsorship of business, products, or services;

6.  causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with Sailvan or any of its products or services; and

7.  unfairly competing with Sailvan or its authorized distributors in any manner.

So **ORDERED** and **SIGNED** this **2nd** day of **April, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

15